IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELANISE NIXON,**

  **Plaintiff,**

 vs.

              Case No. 2:22-cv-2481
              Chief Judge Algenon L. Marbley
              Magistrate Judge Elizabeth P. Deavers

**WBH CINCINNATI LLC,** *et al.***,**

  **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Melanise Nixon, an Ohio resident proceeding without the assistance of counsel, brings this action arising from a property dispute.  (ECF No. 1-1.)  This matter is before the Undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

      Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

3

## II.

Plaintiff's claims appear to arise out of a years-long family property dispute, which Plaintiff apparently has unsuccessfully litigated in the Franklin County Probate Court. Plaintiff alleges that she was "defrauded out of [her] inheritance rights" as an heir to her aunt's estate, and that she had "made numerous reports of criminal activity that included Elder Abuse" prior to her aunt's death. (ECF No. 1-1 at PAGEID # 6.) Plaintiff alleges that she was supposed to inherit an interest in her aunt's house, but that the Franklin County Probate Court instead transferred the property to Plaintiff's aunt's son Vincent Nixon (who Plaintiff implicitly suggests committed the alleged elder abuse), notwithstanding Plaintiff's criminal reports. (*See generally id.* at PAGEID ## 6-7.) Plaintiff alleges that she attempted to work with Court personnel to "stop the ongoing fraud," but she "was not provided the help [she] needed in a timely fashion." (*Id.* at PAGEID # 7.) Plaintiff further alleges that "[s]everal Court officials should have notified the Judge of what was going on and gave [her] excuse after excuse thus allowing the fraud to continue." (*Id.*) Plaintiff seeks to have her "legal rights to the property returned to [her]" and for "a full and proper accountability for those who facilitated this fraud to go forward." (*Id.* at PAGEID # 8.)

## III.

The Undersigned concludes that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

4

A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 281 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (internal quotation marks and citation omitted).

Applying the foregoing, the Undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over this action. Here, Plaintiff is attacking a state-court judgment concerning the property rights of Plaintiff's late aunt's house. Specifically, Plaintiff alleges that the Franklin County Probate Court improperly transferred the house to Mr. Nixon. (ECF No. 1-1 at PAGEID ## 6-7.) To be clear, the only relief Plaintiff seeks is to have "[her] legal rights to the property returned to [her]." (ECF No. 1-1 at PAGEID ## 6-8.) Put differently, Plaintiff asks this Court to overrule the Franklin County Probate Court and transfer the underlying property to her.

This Court, however, does not have jurisdiction to review such judgments, let alone overturn them.  Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court.  See *Gotfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998).  Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint.  *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 416.  Accordingly, to the extent Plaintiff seeks relief from state court judgments in this Court, those claims are barred under the *Rooker-Feldman* doctrine and must be dismissed as a result.  *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 503 (6th Cir. 2003) ("In this case, the essence of [Plaintiff's] complaint was that the state probate court erred by terminating his parental and visitation rights.  The *Rooker–Feldman* doctrine prevents federal courts from engaging in such collateral review of state court decisions.").

Even notwithstanding the *Rooker-Feldman* doctrine, Plaintiff has failed to make any affirmative allegations or state any plausible claims for relief, against any of the named Defendants.  First, for example, a closer look through the exhibits attached to Plaintiff's Complaint suggests that Mr. Nixon transferred the property in question to Defendant WBH Cincinnati LLC ("WBH"), but Plaintiff alleges no wrongdoing by WBH.  Likewise, Plaintiff's does not affirmatively allege any wrongdoing by Defendant Franklin County Recorder's Office, and only alleges in passing that her aunt's death was recorded in Franklin County – presumably by the Recorder's Office.  (ECF No. 1-1 at PAGEID # 6.)  Next, while Plaintiff alleges that "Court officials" should have "stop[ped] the ongoing fraud," Plaintiff makes no allegations against Defendant Franklin County Probate Court.[1]  (*Id.*)  Finally, Plaintiff makes no mention

---

[1] Even if Plaintiff had included allegations against Defendant Franklin County Probate Court, such claims would fail because county "courts in Ohio qualify as arms of the state, and therefore 'are immune from suits brought by citizens of Ohio.'"  *McConaughy v. Prob. Ct. of Belmont*

6

whatsoever of Defendant Franklin County Office on Aging.[2] (*Id.*) The Complaint therefore fails to state a claim against any of the Defendants. *Iqbal*, 556 U.S. at 678 (noting that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.").

For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.

---

*Cnty., Ohio*, No. 2:21-CV-2239, 2021 WL 2650056, at *2 (S.D. Ohio June 28, 2021), *report and recommendation adopted sub nom. McConnaughy v. Prob. Ct. of Belmont Cnty.*, No. 2:21-CV-2239, 2021 WL 3022986 (S.D. Ohio July 16, 2021) (citing *Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (quoting *Lott v. Marietta Mun. Court*, No. 2:13-CV-00377, 2013 WL 6662836, at *4 (S.D. Ohio Dec. 17, 2013) (compiling Sixth Circuit and Southern District of Ohio decisions finding the same)); *see also Mathis v. Netcare Corp.*, No. 2:12-CV-576, 2012 WL 2884804, at *1 (S.D. Ohio July 13, 2012) (County Probate Court entitled to absolute Eleventh Amendment immunity from suit)).

[2] To the extent the Court feels compelled to construe Plaintiff's claims against Defendants Franklin County Recorder's Office and/or Franklin County Office of Aging as actually being asserted against Franklin County, Plaintiff's claims would still fail. As a rule, local governments may only be sued under 42 U.S.C. § 1983 when the execution of the local government's policy or custom inflicts the injury in question. *Allah v. Child Support Enf't Agency*, No. 1:18 CV 872, 2018 WL 3752244, at *5 (N.D. Ohio Aug. 7, 2018) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999)). Here, Plaintiff does not include any legal claims against Franklin County and does not identify a County policy, ordinance or custom that could be construed to allege a violation of Plaintiff's constitutional rights, notwithstanding Plaintiff's introductory allegations that she "was deprived of [her] Civil Rights of having equal protection under the law as a person of African American heritage, veteran status, female and disability status" and that she "also believe[s] that [her] religious beliefs were also being exploited." (ECF No. 1-1 at PAGEID # 6.) Simply put, Plaintiff has not established this Court's subject matter jurisdiction with respect to Franklin County. *Allah*, 2018 WL 375224 at *5 (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report an\d Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATED:  September 19, 2022

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**